# CLARENCE CONVERSE v. MARTIN L. VAUGHN.[1]

June 11, 1915.

Nos. 19,318—(77).

**Judgment notwithstanding verdict.**

The evidence in this action was conflicting, and it was error to grant judgment for plaintiff notwithstanding a verdict for defendant.

Action in the district court for Waseca county to recover $102.50. The case was tried before Childress, J., and a jury which returned a verdict for defendant. Plaintiff's motion for judgment in his favor for $50, notwithstanding the verdict, was granted. From the judgment entered pursuant to the order for judgment, defendant appealed. Reversed.

*H. L. & J. W. Schmitt* and *Henry Gallagher,* for appellant.

*L. D. Rogers* and *Moonan & Moonan,* for respondent.

BUNN, J.

Plaintiff, a real estate agent of Waseca county, brought this action to recover of defendant the reasonable value of his services in procuring a purchaser for two lots in the village of Janesville owned by defendant's sister, the claim being that defendant agreed to pay for plaintiff's services. The answer was a general denial. The jury returned a verdict for defendant. Plaintiff moved in the alternative for judgment in his favor notwithstanding the verdict for the sum of $50, or a new trial. The court granted the motion for judgment, which was entered, and defendant appealed therefrom to this court.

The action of the trial court cannot be sustained. It is admitted that plaintiff brought defendant and the purchaser together, and that a sale was made to this purchaser some three months afterward. Plaintiff testified that defendant agreed to pay him $50 in case a sale was made, but defendant testified with equal positiveness that his only promise was to pay plaintiff $50 in case the deal was made

[1] Reported in 153 N. W. 133.

on a certain day, more than three months before it was actually made. The parties met on that day, but failed to agree on the price; the matter was dropped for a time, and taken up months afterwards. While it would seem that plaintiff ought to be entitled to pay for his services, it is clear that he cannot recover of defendant, who was not the owner of the land, in the absence of an express or implied agreement. What this agreement was the evidence left in doubt. The question was for the jury, and we think the court had no right to grant judgment notwithstanding the verdict. The judgment will be reversed, but with permission to plaintiff to apply to the trial court for a ruling on the motion for a new trial.

Judgment reversed.